Judge Underwood
delivered the opinion of the court.
On the 8i.h of March, 1827, an opinion of this court delivered in a chancery suit, in which Ballard was complainant, and .Oavin was defendant. *657 ■and upon the cross bill of Davis against Ballard and others, was presented to the Madison circuit court. The mandate of this court directed the circuit to “dissolve Ballard’s injunction with damages.”
The circuit t!n° subsequent, to correct ei-t°”by the^* cw^tn atpri- or term .Mero ba"becor-” rected.
*657 The opinion and mandate of this court were spread on the record of the Madison circuit court, and this order made: “Whereupon, in pursuance of the foregoing opinion of the court of appeals, it is decreed and ordered that the original bill herein of the •complainant, Ballard, be, and the same is hereby dismissed, and that the said Ballard pay to the defendant, Davis, his costs about his defence expended, also damages mentioned in the foregoing opinion.” It ap» pears from a bill of exceptions then filed, that Davis moved the court for damages on the amount of the judgment at lav/, named in Ballard’s bill; but the court refused to say that damages should be computed on the amount of that judgment, or to fix the rate of damages»
Under the idea that the mandate of this court was obligatory, the circuit court, with a view to comply with it, said that Davis should recover the damages mentioned in the opinion; but refused to liquidate them upon the ground, that no injunction had in fact, ever been granted to the judgment at law. Atibe September term, 1828, of the Madison circuit court, the following order was entered of record, “on the motion of the defendant, Davis, by his attorney, it is ordered that the decree and order in this «^asé made, on the return of this case from the court of appeals, -at the March term, 1827, be so amended, as to read, “and that the said Ballard also pay to the said Davis, ten per centum damages, on the amount mentioned in the foregoing opinion of the court of appeals.”
To reverse this order or amendment of the decree of March, 1827, Ballard prosecutes a writ of error with supersedeas.
We are of opinion, that the circuit court hail no authority in September, 1828, to amend the decree of March, 1827, on the exparte motion of Davis, sons to subject Ballard to add tionai responsibility. If the decree of March had been defectively entered, through any clerical misprision, it would have been *658 competent for the court, at a subsequent term to amend; but it is manifest there is no clerical error in the present case, and that if there be error, it was of court expressly adjudicating upon the matter. Prrors can alone be corrected after the expira-ti01' -°f ¡he term by (he appellate court. See Berry vs. Triplett’s heirs, II. Mar. 61. If Davis has been injured by a refusal of the circuit court, to carry into effect the mandate of this court, he yet has his remedy by writ of ci ror, if his delay in prosecuting it, has not barred him.
Duty ol’circ’t court when damages are decreed on dissolution of injunction to ascertain and liquidate them.
Turner, for plaintiff
Upon the return of the cause to the circuit court, it was the duty of that court, if it gave damages in pursuance of the mandate, to have liquidated their amount. If, at a subsequent term, the circuit court might have reversed its former opinion, and given damages, it was equally necessary to liquidate them. That has not been done by the amendment attempted, which says that Ballard shall pay Davis ten per centum, on the amount mentioned in the foregoing opinion. Now, when the opinion is examined, two sums are therein mentioned, to-wit: $4000, and .§•2000. On which shall the ten per cent bo estimated? The $2000 was, no doubt intended, because that was the amount of the judgment at law. The uncertainty of the reference to the sum on which the damages should be calculated in this case, is another instance, shewing the propriety of the rule, requiring circuit courts to fix with certainty in their decrees, the amount of damages.
The order of September term, 1028, is reversed and set aside.
The plaintiff in error must recover his costs.